UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

HARRIET KASTARIS,

    Plaintiff,

v.

AXA EQUITABLE LIFE
INSURANCE COMPANY,

    Defendant.

Case No. 4:15-cv-00484-JCH

**JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Harriet Kastaris, through undersigned counsel, and states the following in support of her First Amended Complaint against Defendant AXA Equitable Life Insurance Company:

### The Parties

1. Harriet Kastaris (hereinafter, "Plaintiff") is an individual residing in St. Louis County, Missouri.

2. Plaintiff is the sole named beneficiary of a life insurance policy issued by Defendant AXA Equitable Life Insurance Company ("AXA Insurance") on the life of her fiancé, Michael Connelly, known as policy number 113 301 657 (the "Policy"), attached hereto as Exhibit A.

3. Defendant AXA Insurance is now and at all times herein relevant was and is a duly organized and existing New York company registered and doing business in the State of Missouri.



## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this case under Mo. Rev. Stat. § 506.500.

5. Venue of this matter is proper before this Court pursuant to Mo. Rev. Stat. § 508.010.

## Count I – Declaratory Judgment Against Defendant AXA Insurance

6. Plaintiff restates all the allegations contained in the above-numbered paragraphs.

7. An actual and current controversy exists between Plaintiff and Defendant AXA Insurance as to whether the Plaintiff is entitled to benefits owed under the Policy following the death of the named insured, Michael Connelly.

8. Plaintiff asserted her rights to the death benefits owed under the subject Policy.

9. Defendant AXA Insurance denied the Plaintiff's claim on the basis of the Policy's suicide exclusion endorsement.

10. At the time of Mr. Connelly's death, his life was insured by Defendant AXA Insurance pursuant to the Policy, which policy was then and there in full force and effect.

11. Defendant AXA Insurance agreed under the Policy to pay death benefits to named beneficiaries upon receiving proof that Mr. Connelly died on or before March 13, 2049.

12. The Policy was issued to Mr. Connelly on March 14, 2013.

13. The Policy stated that:

> If (the) Insured Person commits suicide, while sane or insane, within one year after the Date of Issue shown on Page 3, our liability will be limited to the payment of a single sum equal to the premiums paid. If the Insured Person commits suicide, while sane or insane, within one year after the effective date of any policy reinstatement, our liability will be limited to the payment of a single sum equal to the premiums paid on and after the effective date of reinstatement.

2

(Hereafter, the Policy language above is referred to as the so-called "Suicide Exclusion".)

14. The subsequent paragraph in the Policy states:

> Suicide is no defense to payment of life insurance benefits…under this policy where the policy is issued to a Missouri Citizen, unless we can show that the Insured Person intended suicide when the policy was applied for, regardless of any language to the contrary in the policy.

(Hereafter, the Policy language above is referred to as the "Missouri Limitation".)

15. Mr. Connelly was at all relevant times a citizen of the state of Missouri. Similarly, Mr. Connelly was a "Missouri Citizen" as defined by the subject Policy.

16. Upon information and belief and review of documents provided by the insurer, Mr. Connelly was never given a declaration page or a summary of the policy, or the summary he did receive did not reference any changes or modifications to the "suicide exclusion" or the "Missouri Limitation," nor did he sign off on a declaration page or amendment acknowledging any limitations of the policy.

17. Mr. Connelly died on October 1, 2013.

18. In or about March 2014, Plaintiff made demand upon Defendant AXA Insurance for payment of the policy proceeds. Plaintiff has complied with all conditions precedent under the policy.

19. On or about April 11, 2014, Defendant AXA Insurance denied Plaintiff's demand for payment, and informed Plaintiff that the Suicide Exclusion limited its liability under the Policy because it deemed Mr. Connelly's death to be a suicide that occurred within the first year of the Policy.

20. Defendant AXA Insurance agreed only to a return of the premiums already paid, without interest.

3

21. Defendant AXA denied liability for the death benefit owed under the Policy.

22. The death benefit under the Policy is one million dollars ($1,000,000).

23. Defendant AXA has no justification for denial of the death benefit and wrongly relies on exclusions which were not part of decedent's policy, are invalid and inapplicable to Missouri residents, are vague and ambiguous, or all three.

24. Plaintiff is entitled to declaratory judgment against Defendant AXA Insurance holding that Defendant AXA Insurance is obligated under the Policy to Plaintiff for the death of her fiancé, Mr. Michael Connelly, and directing Defendant AXA Insurance to pay Plaintiff the one million dollar ($1,000,000) death benefit owed under the Policy, as well as for any other damages provided by law or contract.

WHEREFORE, Plaintiff Harriet Kastaris requests a judicial determination and order declaring the obligation of Defendant AXA Equitable Life Insurance Company to pay Plaintiff the one million dollar ($1,000,000) death benefit owed under the Policy, for liability incurred by Defendant as a result of the death of Mr. Michael Connelly, plus interest accrued thereon, costs and attorney fees incurred by Plaintiff as may be allowed under Mo. Rev. Stat. § 527.100, and for such other and further relief as this Court deems just.

## Count II – Breach of Contract

25. Plaintiff restates and incorporates by reference the preceding paragraphs.

26. The document entered into between Michael Connelly and AXA Insurance was a contract, and Plaintiff was the named beneficiary under said contract.

27. By its refusal to pay the death benefit to Plaintiff, Defendant AXA Insurance has breached its contractual obligation.

4

28. Plaintiff had an interest in the contract of insurance on the life of Michael Connelly.

29. Michael Connelly died, triggering the requirement for payment of the death benefit.

30. Plaintiff has satisfied all requirements needed to trigger payment of the death benefit, by providing proof of death to Defendant, and demanding payment.

31. Despite Plaintiff's satisfying all prerequisites for payment, Defendant AXA Insurance has wrongfully and illegally refused to issue the payment.

32. The contract was properly supported by consideration and otherwise satisfied all elements of a legally binding contract.

WHEREFORE, Plaintiff Harriet Kastaris requests judgment in her favor for Defendant's breach of contract, in the amount of one million dollars ($1,000,000) together with pre-judgment interest and judgment interest at the maximum rate allowable by law, and for such further relief as this Court deems appropriate.

### Count III – Vexatious Refusal to Pay Against Defendant AXA Insurance

33. Plaintiff restates all the allegations contained in the above-numbered paragraphs.

34. Plaintiff is the beneficiary of the Policy identified above.

35. At the time of Michael Connelly's death, the premiums were paid up and the policy was in full force and effect.

36. Plaintiff has complied with all conditions precedent to payment of the death benefit.

37. Defendant AXA Insurance has denied the claim for payment of the death benefit, and its refusal to pay is without reasonable cause or excuse.

38. Because Defendant AXA Insurance Company's refusal to pay is without reasonable cause or excuse, Plaintiff is entitled to, in addition to the face amount of the death benefit, a statutory penalty.

WHEREFORE, Plaintiff Harriet Kastaris requests that this Court enter judgment against Defendant AXA Equitable Life Insurance Company in the amount of one million dollars ($1,000,000), and award as additional damages twenty percent (20%) of the first fifteen hundred dollars ($1,500) of the loss, plus ten percent (10%) of the amount of the loss in excess of fifteen hundred dollars ($1,500) for Defendant's vexatious refusal to pay, as well as reasonable attorney's fees pursuant to § 375.296 and § 375.420, and her costs incurred herein.

Respectfully submitted,

**GRAY, RITTER & GRAHAM, P.C.**

By: /s/ Patrick J. Hagerty
　　Patrick J. Hagerty, #32991
　　*phagerty@grgpc.com*
　　701 Market Street, Suite 800
　　St. Louis, Missouri 63101
　　(314) 241-5620　　Office
　　(314) 241-4140　　Fax

And

Noel A. Sevastianos, #45970
*noel@noelslaw.com*
SEVASTIANOS & ASSOCIATES, PC
120 South Central Avenue, Suite 130
St. Louis, MO 63105-1705
(314) 725-7577　　Office
(314) 862-8050　　Fax

ATTORNEYS FOR PLAINTIFF